**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5472-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SEAN A. ROBERTS,

     Defendant-Appellant.

_____

Submitted October 3, 2019 – Decided October 22, 2019

Before Judges Fuentes and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 16-05-1569.

Joseph E. Krakora, Public Defender, attorney for appellant (Michael Timothy Denny, Assistant Deputy Public Defender, of counsel and on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Barbara A. Rosenkrans, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Sean Roberts appeals from the May 1, 2018 order denying him 525 days of jail credit on the prison sentence he received on a conviction for unlawful possession of a weapon. We affirm.

In June 2009, defendant entered guilty pleas on two indictments. On one indictment, he pled guilty to a lesser charge of second-degree manslaughter, N.J.S.A. 2C:11-4(b), and second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b). On the second indictment, he pled guilty to an amended charge of third-degree theft, N.J.S.A. 2C:20-3.

On July 9, 2009, defendant was sentenced on these indictments. The sentencing court imposed an aggregate sentence of seven years' incarceration, with an eighty-five percent period of parole ineligibility and three years of mandatory parole supervision, in accordance with the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Defendant was released on parole on September 10, 2014.

Defendant was arrested again on October 9, 2015 and subsequently indicted on a single count of second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b). According to the parties' submissions, a parole warrant issued against the defendant on October 15, 2015.

2

The Parole Board revoked defendant's parole on June 16, 2016, and he completed serving his original sentence without parole on September 11, 2017. He remained incarcerated thereafter pending the outcome of the second degree unlawful possession of a handgun charge.

On January 17, 2017, defendant pled guilty to the unlawful possession of a handgun. Judge Mark S. Ali sentenced him on March 17, 2017, to a five-year prison term with a forty-two month parole disqualifier, to run concurrently to his parole violation sentence. The amended Judgment of Conviction confirms defendant received six days of jail credit on this sentence, based on the period running from defendant's arrest date of October 9, 2015 until the day before the parole warrant issued, October 14, 2015.

After defendant was sentenced, he filed a motion asking the court to award him 525 days of jail credit. He argued he was entitled to these jail credits on the unlawful possession of a weapon conviction, from the day he was arrested for this offense until the day he was sentenced on the offense. Defendant's motion was denied on May 1, 2018.

On appeal, defendant raises the following argument:

> DEFENDANT IS ENTITLED TO JAIL CREDITS FROM THE DATE OF HIS ARREST ON THE INSTANT CHARGES TO THE DATE OF SENTENCING.

A-5472-17T3

Rule 3:21-8 provides that "[t]he defendant shall receive credit on the term of a custodial sentence for any time served in custody in jail or in a state hospital between arrest and the imposition of sentence." The credit provided by the Rule is commonly known as a "jail credit." Richardson v. Nickolopoulos, 110 N.J. 241, 242 (1988).

Jail credits are "day-for-day credits." Buncie v. Dep't of Corr., 382 N.J. Super. 214, 217 (App. Div. 2005). They are applied to the "front end" of a defendant's sentence. Booker v. N.J. State Parole Bd., 136 N.J. 257, 263 (1994). Jail credits therefore reduce a defendant's overall sentence and any term of parole ineligibility. State v. Rippy, 431 N.J. Super. 338, 348 (App. Div. 2013); State v. Mastapeter, 290 N.J. Super. 56, 64 (App. Div. 1996). Jail credits prevent a defendant from serving double punishment because without them, time spent in custody before sentencing would not count toward the sentence. State v. Rawls, 219 N.J. 185, 193 (2014).

The argument defendant makes here was addressed and rejected by our Supreme Court twenty-one years ago in State v. Black, 153 N.J. 438 (1998). In that case, the defendant was originally sentenced to a three-year term for drug offenses. 153 N.J. at 441. He was released on parole but violated the conditions of parole when he failed to report to his parole officer. Ibid. A parole warrant

was issued and he was also indicted for absconding. Id. at 441-42. The defendant was eventually returned to custody for the parole violation, at which point his parole was formally revoked. He was ordered to complete the remaining 337 days of his prison term on his drug conviction, commencing as of the date he returned to custody. Id. at 442. The defendant later pled guilty to the absconding charge and was sentenced to a three-year prison term to run concurrent to his original sentence. Ibid. Although the 103 days the defendant spent in custody from the date of his arrest on the parole violation to the day prior to sentencing was applied to his parole violation term, he sought to also have those days applied as jail credits to his sentence on the absconding conviction. Ibid.

Writing for a unanimous Court, Justice Stein began his analysis in Black by noting that Rule 3:21-8 "has been interpreted to require credit only for 'such confinement as is attributable to the arrest or other detention resulting from the particular offense.'" Id. at 456 (quoting State v. Allen, 155 N.J. Super. 582, 585 (App. Div. 1978)). Conversely:

> when a parolee is taken into custody on a parole warrant, the confinement is attributable to the original offense on which the parole was granted and not to any offense or offenses committed during the parolee's release. If the parole warrant is thereafter withdrawn or parole is not revoked, and the defendant is convicted

A-5472-17T3

and sentenced on new charges based on the same conduct that led to the initial parole warrant, then jail time should be credited against the new sentence. If parole is revoked, then the period of incarceration between the parolee's confinement pursuant to the parole warrant and the revocation of parole should be credited against any period of reimprisonment ordered by the parole board. Any period of confinement following the revocation of parole but before sentencing on the new offense also should be credited only against the original sentence, except in the rare case where the inmate has once again become parole eligible on the original offense but remains incarcerated because of the new offense.

[Id. at 461.]

Notwithstanding the holding in Black, defendant argues that Black "can no longer stand" due to the "fundamental shift in jail credit jurisprudence" established in State v. Hernandez, 208 N.J. 24 (2011). We disagree.

In Hernandez, the court considered the fate of two defendants who sought "jail credit for time spent in presentence custody on multiple charges," but who were not "seeking jail credits for time accrued after imposition of a custodial sentence." Writing for a majority of the Court in Hernandez, our colleague Judge Stern[1] noted: "We have not previously addressed these circumstances or the meaning of Rule 3:21-

---

[1] In September 2010, Chief Justice Rabner temporarily assigned Judge Stern to serve on the Supreme Court. Judge Stern served with distinction in this capacity until his retirement in 2011.

when a defendant who is incarcerated awaiting disposition on charges is also held awaiting disposition on other charges." Id. at 45. The Hernandez Court concluded that "jail credits, which are earned prior to the imposition of the first custodial sentence, are to be awarded with respect to multiple charges. Again, once the first sentence is imposed, a defendant awaiting imposition of another sentence accrues no more jail credit under Rule 3:21-8." Id. at 50.

The Hernandez Court distinguished, but did not disturb the holding in Black. Id. at 42-43. In fact, the Hernandez Court specifically noted that the defendant in Black was "serving a custodial sentence, and we concluded [he was] not entitled to presentence jail credits against a new sentence for time served in custody while those charges were pending." Id. at 44. The Hernandez Court continued, "[t]he custodial status of Hernandez . . . differs from that of the defendant[] in Black. Hernandez . . . seek[s] jail credit for time spent in presentence custody on multiple charges and [is] not seeking jail credits for time accrued after imposition of a custodial sentence." Id. at 45.

In the absence of a Supreme Court opinion directly addressing the circumstances before the Court in Black, and unequivocally overruling its interpretation of Rule 3:21-8, we decline to stray from its clear holding precluding the award of the additional jail credits defendant seeks.

Defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION